### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### AT LONDON

| | |
|---|---|
| **HUBERT RAY ARWOOD, JR.,** | **ACTION NO. 6:15-CV-70-KKC** |
| **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINIOIN** |
| | **AND ORDER** |
| **RUSSELL D. ALDRED, *et al*.,** | |
| **Defendants.** | |

**** **** **** ****

Plaintiff Hubert Ray Arwood, Jr., is confined by the Kentucky Department of Corrections in the Northpoint Training Center ("NTC"), located in Burgin, Kentucky. Arwood has filed a *pro se* civil rights complaint [R. 1][1] asserting claims under 42 U.S.C. § 1983, and has named as defendants five individuals who appear to have been involved, in various capacities, in his criminal prosecution in the Harlan Circuit Court. The named defendants are: (1) Russell D. Aldred, former Harlan County Circuit Judge; (2) Henry S. Johnson, former Harlan County Circuit Judge and former Harlan County Commonwealth Attorney; (3) Paul F. Williams, deceased, former Harlan County Circuit Clerk; (4) Robert A. Thomas, attorney and former Public Defender; and (5) Lisa Evans.

The Court conducts a preliminary review of Arwood's complaint because he asserts claims against government officials and because he has been granted *in forma pauperis*

---

[1] Arwood originally filed this § 1983 action in the United States District Court for the Western District of Kentucky ("the Western District") at Bowling Green on February 18, 2015. *See Hubert Ray Arwood v. Russell D. Alred, et al.*, No. 1:15CV-P18-GNS (W.D. Ky. 2015). On March 3, 2015, the Western District granted Arwood *in forma pauperis* status [R. 5], but on April 16, 2015, it transferred the proceeding to this district pursuant to 28 U.S.C. § 1406(a), based on the venue considerations set forth in 28 U.S.C. § 1391(b) and its assessment that the named defendants "...are located in either Harlan or Bell County, both of which are in the Eastern District of Kentucky." [R. 6, p. 1] The transfer to this district was administratively effectuated on April 17, 2015. [R. 7; R. 8]

status in this action. Because Arwood is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   As explained below, however, the Court will dismiss Arwood's complaint with prejudice because it fails to state a claim upon which relief can be granted.

## ALLEGATIONS OF THE § 1983 COMPLAINT

The following is a summary of Arwood's criminal history and the claims which he asserts in this action.  The summary is composed of the allegations set forth in Arwood's § 1983 complaint and from information contained in the 28 U.S.C. § 2254 habeas corpus proceeding which Arwood recently filed in this Court, *Hubert Ray Arwood, Jr., v. Don Bottom*, No. 5:15-CV-56-GFVT-EBA (E.D. Ky. 2015) ("the § 2254 Petition").

In January 2009, Arwood was convicted in the Harlan Circuit Court on two counts of first-degree sodomy and one count of first-degree sexual abuse, and was sentenced to a ten-year prison term.  It does not appear that Arwood appealed his conviction or that he sought appellate review in the state court.

On February 18, 2105, Arwood filed this § 2254 Petition challenging his state court criminal conviction. In his petition, Arwood asserts that he was falsely accused and convicted of the crimes charged.  Additionally, he cites improper rulings by the state trial judge. [R. 1, therein] On April 13, 2015, Magistrate Judge Edward B. Atkins issued a Report and Recommendation ("R & R") concluding that the Court should deny both the § 2254 Petition and a certificate of appealability.  [R. 11, therein]  Magistrate Judge Atkins noted that Arwood's claim consisted only of the following of oblique statement:  "False allegations," *id.*, p. 1, therein [citing R. 1, p. 1, therein], and he noted that the only

2

"supporting facts" which Arwood provided in support of his claim were these comments: "Without real [sic] prove or evidence. Just [sic] hear say? However they caused me [sic] alot of mental anguish and heartache!"  [*Id.*, citing R. 1, p. 1 at 5, therein]  Based on the paucity of information alleged, Magistrate Judge Atkins determined that the § 2254 Petition was "…incognizable and fails to provide any relevant, or supporting facts."  [*Id.*]   Magistrate Judge Atkins advised Arwood that he had fourteen (14) days from April 13, 2015, in which to file objections to the R & R.  As of May 1, 2015, Arwood had filed no objections to the R & R.

On February 18, 2015, on the same date he filed the § 2254 Petition, Arwood filed the instant § 1983 civil rights complaint in the Western District.  As discussed, on April 16, 2015, the Western District subsequently transferred Arwood's § 1983 complaint to this Court.  [R. 6] Arwood demands $120,000,000.00 in compensatory damages from the named defendants, jointly and severally, in both their individual and official capacities, and seeks the same amount of punitive damages from each defendant, jointly and severally.  Arwood provides the following reasons for suing the defendants:

> "…For believing false allegations made against me, By my own and only Daughter, and Putting me and my wife into Jail, so They could take our Daughter from us….However They gave my wife Parole and sent me Back to Prison on false allegations with no Prove or evidence, Just on hear say [sic] ? alright, so that is why I am suing these People for $120,000,000.00 million dollars each person, Personally…Also For Mental anguish and heartache and suffering, so that is also Part of the reason I am suing.

[R. 1, p. 5]

Broadly construing the complaint, Arwood appears to be alleging that he was wrongfully prosecuted and/or that his conviction was obtained in violation of his right to due process of law guaranteed by the Fourteenth Amendment of the U.S. Constitution.

## DISCUSSION

### 1.  Official Capacity Claims

The Court will first address the claims which Arwood asserts against Defendants Aldred, Johnson, and Williams, in their *official* capacities.  These claims are functionally equivalent to claims against Harlan County because "[i]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)).  A plaintiff seeking to "recover on a damages judgment in an official-capacity suit must look to the government entity itself" to pay the damages.  *Graham,* 473 U.S. at 166.  Thus, the constitutional claims Arwood asserts against these three defendants in their official capacities are subject to the same analysis as if he had named Harlan County or the Harlan Fiscal Court as a defendant.  *See Essex v. Cnty. of Livingston*, 518 Fed. App'x 351, 354 (6th Cir. 2013) ("[A]n official-capacity claim is merely another name for a claim against the municipality."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.").[2]

Aldred, Johnson, and Williams, cannot be held liable under § 1983 unless the allegedly unconstitutional action described in Arwood's complaint is the result of an unconstitutional "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the local governing body's] officers," or through an informally adopted governmental custom.  *Johnson v. Hardin Cnty., Ky.*, 908 F.2d 1280, 1285 (6th Cir. 1990) (quoting *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978) (internal quotation marks omitted)).  The claims against these three defendants in their official capacities fail,

---

[2]   Counties are not considered akin to the State for purposes of Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

because Arwood does not allege that their actions were the result of an unconstitutional a policy or custom adopted and implemented by the governing body of Harlan County and/or the Harlan Fiscal Court.

Moreover, Aldred, Johnson, and Williams, cannot be liable under § 1983 on the basis of *respondeat superior* liability.  *See Monell*, 436 U.S. at 691.  Instead, they can be held liable under § 1983 only if "action pursuant to official municipal policy of some nature caused a constitutional tort."  *Id*.  Arwood must therefore establish both that his constitutional rights were violated and that an unconstitutional policy, statement, ordinance, regulation, custom, or decision officially adopted and promulgated by the officers of Harlan County was the "moving force" behind the violation of his rights.  *Bozung v. Rawson*, 439 Fed. App'x 513, 521 (6th Cir.2011) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)); see also *Johnson*, 908 F.2d at 1285; *Monell*, 436 U.S. at 690–91.

Again, in his complaint, Arwood does not contend that the defendants' alleged actions resulted from an unconstitutional policy, statement, ordinance, regulation, custom, or officially adopted decision of Harlan County and/or the Harlan Fiscal Court.  Therefore, Arwood's § 1983 claims against Aldred, Johnson, and Williams in their *official* capacities fail to state a claim upon which relief can be granted and must be dismissed for that reason.

### 2.  Individual Capacity Claims

The Court now turns to the constitutional claims which Arwood asserts against the five named defendants in their *individual* capacities.  For reasons stated below, Arwood cannot recover monetary damages from any of the named defendants.

First, Arwood cannot recover damages in this § 1983 proceeding, based on the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. Any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's prior invalidation. *Id.*, at 487.[3] In other words, before Arwood can seek money damages through this federal civil rights proceeding, he must show a favorable termination of his criminal conviction, *i.e.*, that his conviction has been overturned or set aside. This rule promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *See id.*, at 484-485.

Arwood cannot demonstrate a favorable termination of his state court criminal conviction. First, he did not appeal his conviction, so it has not been reversed on appeal. Second, Magistrate Judge Atkins has recently recommended that the § 2254 Petition be denied, which means that as of this date, Arwood's habeas challenge to his conviction in this Court has not been successful. Arwood's complaint against the defendants is nothing

---

[3] The Supreme Court explained the "favorable termination rule" as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*, at 486-87.

6

more than an impermissible collateral challenge of his conviction by way of a civil rights action.  Because Arwood is currently serving a lawfully imposed state criminal sentence which has not been reversed, set aside, or otherwise called into question, he cannot collaterally attack his criminal conviction in this § 1983 civil rights action by seeking damages from the defendants who were allegedly involved in his criminal prosecution.

The *Rooker-Feldman* doctrine also bars Arwood's allegations against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000).  A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n.16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). Again, Arwood did not appeal his criminal judgment through the Kentucky appellate court system, nor does it appear that he asked the United States Supreme Court to review his conviction and sentence.  Thus the *Rooker-Feldman* doctrine bars Arwood's § 1983 claims.

Second, to the extent Arwood may be seeking damages from Defendants Aldred and Johnson, former judges in the Harlan Circuit Court, the doctrine of absolute judicial immunity bars such claims. *Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9,

7

11-12 (1991).  Arwood alleges no facts suggesting that any judge involved in his criminal case engaged in non-judicial action; Arwood merely alleges that he was wrongfully charged with and convicted of criminal offenses against his daughter.  "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...."  *Stump v. Sparkman*, 435 U.S. 349, 356-359 (1978).  An act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).  Thus, Arwood may not recover monetary damages from Defendants Aldred and Johnson.

Defendant Johnson was also a former Commonwealth Attorney for Harlan County, so to the extent that Arwood may be asserting claims against Johnson in his *prosecutorial* capacity, Johnson is also immune from damages under § 1983.  In *Imbler v. Pachtman*, 424 U.S. 409 (1976) the Supreme Court explicitly recognized that prosecutors enjoy absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties.  *Imbler*, 424 U.S. at 420.  Arwood alleges nothing to suggest that Johnson was not acting in his prosecutorial capacity during the pendency of his state court criminal case, so the doctrine of prosecutorial immunity bars his claims against Johnson.

Arwood has named Paul F. Williams as a defendant to this action.  Williams is now deceased, but he was the Harlan Circuit Clerk for many years.  Arwood alleges no facts whatsoever in support of his claim that he is entitled to monetary damages from Williams (or Williams' estate).  For that reason alone, Arwood's § 1983 claims against Williams must be dismissed for failure to state a claim upon which relief can be granted.

Even so, Williams or his estate would be protected by the doctrine of quasi-judicial immunity, which extends to persons performing tasks which are so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court). Claims against court administrators such as Williams have routinely been dismissed under the doctrine of quasi-judicial immunity.  *See also Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-judicial immunity); *Smith v. Shelby County, Tenn.*, 3 F. App'x 436, 437–38 (6th Cir. 2001) (county court clerk was protected by absolute quasi-judicial immunity from a state prisoner's claim that the clerk had violated his rights by delaying adjudication of his petition for post-conviction relief and motion to set aside guilty pleas); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988) (*per curiam*) (court clerk who issued erroneous warrant on judge's order was immune from suit).

Arwood has also named Robert A. Thomas as a defendant, but he does not allege any facts which explain what role, if any, Thomas played in his criminal proceeding.  The Court assumes that Thomas was either Arwood's privately retained defense attorney or a Public Defender, but in either event, Arwood cannot recover money damages from Thomas in this § 1983 action.  In order to prevail in a § 1983 action, the plaintiff must show that he was deprived of a constitutional right and that the deprivation occurred under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  Neither privately retained attorneys nor court-appointed public defenders are considered "state actors" under

9

§ 1983. *Washington v. Brewer*, 948 F.2d 1291, 1991 WL 243591 at *1 (6th Cir. Nov. 21, 1991) (Table) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)). For this reason, Arwood fails to state a claim upon which relief can be granted against Thomas under § 1983.

Finally, as for Defendant Lisa Evans, Arwood fails to allege *any* facts explaining what her role, if any, was in his criminal proceeding. Thus, the Court is essentially required to speculate about the basis of his claims against her, and a district court should not be required to guess or speculate about the basis for a plaintiff's claims. Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."

Admittedly, *pro se* pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but in order to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, n. 3 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a court need not accept threadbare recitals of the elements of a cause of action supported by conclusory statements); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (stating conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim). Arwood's complaint does not meet that minimal threshold. Because the Court must speculate about the basis of Arwood's claim against Evans, his § 1983 claims against her fail to state a claim upon which relief can be granted, and will be dismissed.

**CONCLUSION**

Accordingly, the Court being duly advised, **IT IS ORDERED** as follows:

1.     The 42 U.S.C. § 1983 complaint filed by Plaintiff Hubert Ray Arwood, Jr., [R.

1] is **DISMISSED WITH PREJUDICE**.

2.     The Court will enter an appropriate Judgment.

3.     This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This May 4, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

11